UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TELETRAC, INC. D/B/A TELETRAC NAVMAN, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-240 |
| | § | |
| LOGICORP ENTERPRISES, LLC, | § § | |
| Defendant. | § § | |

## OPINION AND ORDER

Currently before the Court is Teletrac, Inc. d/b/a Teletrac Navman's ("Plaintiff") motion for summary judgment,[1] as well as Plaintiff's supplement to the motion.[2] Logicorp Enterprises, LLC ("Defendant") has not responded. After considering the motion, the relevant authorities, and the record, the Court **DENIES** Plaintiff's motion as follows.

### I. BACKGROUND

This is a breach of contract case. Plaintiff provides GPS tracking tools and services, among other things, to businesses with trucking fleets; Defendant is a company that facilitates intrastate and interstate commerce, including via a fleet of trucks.[3] Plaintiff entered into a series of agreements with Defendant in which Plaintiff agreed to provide Defendant with "mobile tracking and communication devices" for Defendant's trucking fleet.[4]

The exact dates the parties entered into these agreements is unclear; however, sometime in July 2013 the parties entered into a "Teletrac Subscriber Agreement" that had a contract term

---

[1] Dkt. No. 31.
[2] Dkt. No. 32.
[3] *See* Dkt. No. 27.
[4] Dkt. No. 31 p. 3.

1 / 8

of thirty-six months.⁵ In January 2014, the parties entered into another Teletrac Subscriber Agreement with a thirty-six month term,⁶ and another in February 2014, again with a contract term of thirty-six months.⁷

Each Teletrac Subscriber Agreement provides it is governed by a separate "Terms and Conditions."⁸ The Terms and Conditions state, in relevant part, that Plaintiff would ship and install the mobile communication devices ordered by Defendant;⁹ that Defendant would be granted the use of Plaintiff's communication software;¹⁰ that Defendant would pay the amount on the Teletrac Subscription Agreements, as well as an ongoing monthly subscription fee;¹¹ and that Defendant would pay any amount due within ten days.¹² The Terms and Conditions also stated that unless the parties provided express written notice, the agreement between the parties would automatically renew for twelve months at the expiration of the term of service.¹³

Plaintiff filed a complaint in this Court,¹⁴ later amended,¹⁵ alleging Defendant breached their agreement by failing to pay the amount owed to Plaintiff—$234,690.86—despite repeated

---

⁵ Plaintiff's motion indicates the date of approval of the initial Teletrac Subscriber Agreement is July 24, 2013. *See* Dkt. No. 31 p. 3, ¶ 9. However, no evidence in the record supports this assertion. Plaintiff provides a copy of a signed Teletrac Subscriber Agreement with the date 7-31-13 written on the top. *See* Dkt. No. 31-1 p. 2. Plaintiff also provides an email titled "RE: Logicorp" and dated July 23, 2013 in which a presumable representative of Plaintiff states "This is approved." *See id* at p. 3. Nothing in the record indicates what "this" is referring to, but the Court assumes it is the Teletrac Subscriber Agreement. Thus, while the exact date is unclear, Plaintiff has provided evidence showing that the parties entered into an agreement sometime in July 2013 for Plaintiff to provide mobile location devices and services to Defendant.
⁶ *See* Dkt. No. 31-1 pp. 7–9. The exact date of the agreement is again unclear. Plaintiff provides a Teletrac Subscriber Agreement that contains two dates in January 2014. There is a signature from a representative of Defendant dated January 22, 2014, but the date January 27, 2014 is written at the top of the document. *Id.* at p. 7. Plaintiff also includes an email titled "RE: Logicorp" from a representative of Plaintiff that affirmatively answers that "2 minutes locates" are approved. This email exchange is dated January 24, 2014. *Id* at p. 9. It is unclear, but this email appears to be a representative of Plaintiff approving the January 2014 Teletrac Subscriber Agreement.
⁷ *See* Dkt. No. 31-1 p. 11.
⁸ *Id.* at p. 13–27 (Terms and Conditions).
⁹ *Id.* at p. 14, ¶ 3.1, p. 16, ¶ 5.1.
¹⁰ *Id.* at p. 18, ¶ 7.2.
¹¹ *Id.* at p. 24, ¶ 18.
¹² Dkt. No. 31-1 p. 21, ¶ 13.1
¹³ *Id.* at p. 21, ¶ 12.1.
¹⁴ Dkt. No. 1.

demands for this payment.[16] On this basis, Plaintiff brings a claim of breach of contract against Defendant seeking damages and attorneys' fees.[17]

Defendant appeared through counsel and filed an answer,[18] but Defendant's counsel subsequently sought leave—which was granted—to withdraw as counsel due to Defendant's failure to pay it legal services.[19] As of this date, Defendant has not obtained substitute counsel for this action.[20]

Plaintiff timely filed the instant motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56.[21] Defendant has not responded and the time for doing so has passed, rendering Defendant unopposed to the motion by operation of the Local Rules.[22] The Court now turns to its analysis.

## II. LEGAL STANDARD

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[24] The burden then shifts to the non-movant to demonstrate the existence of a genuine issue of material fact.[25] "A fact is 'material' if its resolution could affect the outcome

---

[15] Dkt. No. 27; *see also* Minute Entry dated January 15, 2019 (the Court orally granted Plaintiff leave to amend its complaint).
[16] Dkt. No. 27 p. 5, ¶ 16.
[17] *Id.* at pp. 6–7.
[18] Dkt. No. 7.
[19] Dkt. No. 29.
[20] The Court notes that because Defendant is a limited liability company it may not represent itself in any court action and any filings made by Defendant not through counsel would be stricken. The Fifth Circuit allows district courts to strike the pleadings of corporations or partnership defendants attempting to proceed without an attorney. *See Memon v. Allied Domecq Qsr*, 385 F.3d 871, 873 (5th Cir. 2004).
[21] Dkt. No. 31.
[22] *See* L.R. 7.2–7.4 of the United States District Court of the Southern District of Texas.
[23] Fed. R. Civ. P. 56(a).
[24] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[25] *See id*.

of the action,"[26] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[27] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[28]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[29] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[30] Parties may cite to any part of the record, or bring evidence in the motion and response.[31] By either method, parties need not proffer evidence in a form admissible at trial,[32] but must proffer evidence substantively admissible at trial.[33]

As to any the question of substantive law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[34] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[35] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[36]

---

[26] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[27] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[28] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[29] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[30] *See* Fed. R. Civ. P. 56(e).
[31] *See* Fed. R. Civ. P. 56(c).
[32] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[33] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[34] *See* Dkt. No. 1 p. 2.
[35] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).
[36] *Exxon*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).

### III. ANALYSIS

As an initial matter, the Court admonishes Plaintiff for its failure to appropriately cite to the record in support of its motion for summary judgment. Plaintiff attaches evidence to its motion, but nowhere in the motion does Plaintiff cite to the evidence.[37] Under the Federal Rules, any assertion or allegation unsupported by evidence cannot be used to establish a genuine dispute of a material fact. Rule 56(c)(1) provides that the party asserting that a fact cannot be or is genuinely disputed *must* support the assertion by citing to "particular parts of materials" in the record or showing that the materials cited do not establish the absence or presence of a genuine dispute.[38] "Judges are not like pigs, hunting for truffles buried in briefs," and the Court is under no obligation to prove Plaintiff's case for it.[39]

Nonetheless, although the Court need only consider cited evidence, the Court may consider any evidence entered into the record.[40] Thus, in the interest of judicial economy, and considering Defendant's lack of opposition to the instant motion,[41] the Court utilizes its discretion to consider the evidence entered into the record that could support Plaintiff's motion.

After considering the evidence, the Court concludes Plaintiff has not demonstrated it is entitled to summary judgment as a matter of law. A breach of contract claim has the following essential elements in Texas: "(1) the existence of a valid contract; (2) performance by plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by plaintiff as a result of

---

[37] *See* Dkt. No. 31.
[38] Fed. R. Civ. P. 56(c)(1) (emphasis added).
[39] *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).
[40] Fed. R. Civ. P. 56(c)(3).
[41] *See* L.R. 7.2–7.4 of the United States District Court of the Southern District of Texas.

the breach."[42] For a contract to exist, the parties must manifest their mutual assent to be bound by it.[43] Plaintiff bears the burden of demonstrating it suffered a loss resulting from the breach.[44]

Here, the Court finds Plaintiff's evidence satisfies the first element of a contract claim, but fails regarding the remaining elements. In support of the first prong, Plaintiff provides three signed Teletrac Subscriber Agreements[45] which state they are governed by Plaintiff's Terms and Conditions.[46] These documents collectively indicate Plaintiff would ship and install mobile communications devices for Defendant and Defendant would pay for them and for an ongoing monthly subscription for the use of Plaintiff's communications software. Plaintiff also provides evidence that Defendant continued to purchase goods from Plaintiff and that the parties had ongoing email correspondence.[47] Further, the Terms and Conditions state that the agreement would renew automatically without express written notice.[48] Thus, Plaintiff has provided evidence the parties reached a written agreement, the agreement stated it would automatically renew, and the parties had ongoing communications and engaged conduct in which the parties manifested their mutual assent to be bound by the agreement in a continuing relationship. This is sufficient to find a valid contract.

However, Plaintiff fails to provide evidence sufficient to satisfy any other element of a contract claim. Plaintiff alleges it performed under the contract and delivered and installed the agreed on mobile communications devices, but does not provide competent evidence of this. As noted above, Plaintiff in no place cited to the record in support of its assertions, so it is difficult

---

[42] *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).
[43] *Sw. Airlines Co. v. BoardFirst, L.L.C.*, No. 3: 06-CV-0891-B, 2007 U.S. Dist. LEXIS 96230, at *11-12 (N.D. Tex. Sep. 12, 2007).
[44] *Taub v. Hous. Pipeline Co.*, 75 S.W.3d 606, 616 (Tex. App. 2002).
[45] *See* Dkt. No. 31-1 p. 2 (initial Teletrac Subscriber Agreement dated July 2013), p. 8 (Teletrac Subscriber Agreement dated January 27, 2014), p. 11 (Teletrac Subscriber Agreement dated February 28, 2014).
[46] Dkt. No. 31-1 pp. 13–27 (Terms and Conditions).
[47] *Id.* at p. 3, p. 10, & p. 12.
[48] *Id.* at p. 21, ¶ 12.1.

to discern which evidence Plaintiff believes may support these assertions. However, Plaintiff's evidence contains a document entitled "Customer Item Selection,"[49] and two pages labeled "Order Shipping Instructions" both dated July 31, 2013.[50]

The Court finds these documents insufficient to find Plaintiff performed as required under the Teletrac Subscriber Agreements and the Terms and Conditions. The Terms and Conditions required Plaintiff to ship and install the items purchased by Defendant.[51] Plaintiff's evidence is insufficient to show it performed these tasks. First, the items listed on the Customer Item Selection and the Order Shipping Instructions do not seem to match the items listed on the Teletrac Subscriber Agreements.[52] Second, each of these pages state the orders are "pending,"[53] which does not suffice to show Plaintiff shipped the items as required. Third, although Plaintiff states in its motion that it installed the items, nothing in the evidence supports this assertion.[54] Finally, Plaintiff provides no evidence that Plaintiff continued to provide Defendant ongoing use of Plaintiff's communications software or that Plaintiff even attempted to perform on any date after July 31, 2013. Thus, Plaintiff has failed to demonstrate it performed as required under any of the Teletrac Subscriber Agreements or the Terms and Conditions.

Additionally, Plaintiff provides no evidence *whatsoever* demonstrating that Defendant breached the Agreement or the damages to which Plaintiff is entitled that flowed from that breach—the third and fourth prongs of a breach of contract claim. Plaintiff asserts Defendant has failed to pay despite repeated requests for payment, but none of Plaintiff's evidence supports

---

[49] *Id.* at p. 5.
[50] *Id.* at pp. 6–7.
[51] *See* Dkt. No. 31-1 p. 14, ¶ 3.1, p. 16, ¶ 5.1.
[52] Compare *id.* p. 2 *with* pp. 5–7.
[53] *See id.* at pp. 5–7.
[54] *See generally id.*

this. Similarly, Plaintiff provides no evidence of its damages. Plaintiff is requesting a judgment in the amount of $234,690.86, but provides no evidence supporting that number.

In sum, Plaintiff has wholly failed to meet its burden to demonstrate it is entitled to judgment as a matter of law on its breach of contract claim against Defendant. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment.

## IV. SUPPLEMENT TO MOTION

Plaintiff also filed a "First Supplement to Plaintiff Teletrac, Inc.'s Rule 56 Motion for Summary Judgment."[55] Therein Plaintiff requests attorneys' fees.[56] Plaintiff is not entitled to attorneys' fees without a viable cause of action.[57] Thus, to the extent Plaintiff's supplement is requesting separate relief in the form of attorneys' fees, the Court **DENIES** Plaintiff's request.

## V. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion[58] for summary judgment **WITHOUT PREJUDICE**.[59]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 19th day of August, 2019.

Micaela Alvarez
United States District Judge

---

[55] Dkt. No. 32.
[56] *See id.*; *see also* Dkt. No. 32-1.
[57] *Green Int'l v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997) ("[A]ttorney's fees are recoverable only for authorized claims.").
[58] Dkt. No. 31.
[59] The Court notes that the deadline for filing dispositive motions was July 19, 2019, and therefore has passed. Thus, should Plaintiff wish to bring another dispositive motion, it must request leave of the Court to do so.