UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TELETRAC, INC. D/B/A TELETRAC NAVMAN, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-240 |
| | § | |
| LOGICORP ENTERPRISES, LLC, | § § § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers the parties' October 9, 2019 bench trial[1] and Teletrac, Inc. d/b/a Teletrac Navman's ("Plaintiff") proposed judgment.[2] Plaintiff, by and through its counsel of record Brandon Maxey, appeared at the bench trial.[3] Logicorp Enterprises, LLC ("Defendant") wholly failed to appear. Plaintiff offered and the Court admitted evidence in support of its breach of contract claim against Defendant.[4] After duly considering the record and the relevant authorities, the Court finds Plaintiff is entitled to recovery under its breach of contract claim against Defendant.

### I.  BACKGROUND

This is a breach of contract case concerning the sale of GPS tracking tools and services.[5] Plaintiff provides GPS tracking tools and services, among other things, to businesses with trucking fleets.[6] Defendant is a company that facilitates intrastate and interstate commerce,

---

[1] Minute Entry dated October 9, 2019.
[2] Dkt. No. 37.
[3] Minute Entry dated October 9, 2019.
[4] *Id*. Defendant did not appear for the bench trial and has not participated in this case since its counsel withdrew on January 21, 2019. Dkt. No. 28.
[5] Dkt. No. 27.
[6] *See id*.

including via a fleet of trucks "equipped with live-tracking systems so clients can track goods at every juncture of the shipping process."[7]

Sometime in July 2013, the parties entered into a "Teletrac Subscriber Agreement" that had a contract term of thirty-six months.[8] In January 2014, the parties entered into another Teletrac Subscriber Agreement with a thirty-six month term,[9] and another in February 2014, again with a contract term of thirty-six months.[10] The "Teletrac Subscriber Agreement[s]" were each governed by a separate "Terms and Conditions."[11] The Terms and Conditions state, in relevant part, that Plaintiff would ship and install the mobile communication devices ordered by Defendant,[12] that Defendant would be granted the use of Plaintiff's communication software for term of the agreement,[13] that Defendant would the amount on the Teletrac Subscription Agreements as well as an ongoing monthly subscription fee,[14] and that Defendant would pay any amount due within ten days.[15] The Terms and Conditions also stated that the agreement between the parties would automatically renew for twelve months at the expiration of the term of service provided for in any Teletrac Subscription Agreement.[16]

Plaintiff filed a complaint in this Court,[17] later amended,[18] alleging Defendant breached the Agreements by failing to pay $234,690.86, the amount owed to Plaintiff, despite repeated demands for this payment.[19] On this basis, Plaintiff brings a claim of breach of contract against

---

[7] Dkt. No. 27 p. 3, ¶ 8. Defendant admitted to this characterization of its business in its Answer. Dkt. No. 7 p. 2, ¶ 8.
[8] *See* Dkt. No. 31-1 p. 2.
[9] *See id.* at pp. 7–9.
[10] *See id.* at p. 11.
[11] *Id.* at pp. 13–27 (Terms and Conditions).
[12] *Id.* at p. 14, ¶ 3.1, p. 16, ¶ 5.1.
[13] *Id.* at p. 18, ¶ 7.2.
[14] *Id.* at p. 24, ¶ 18.
[15] *Id.* p. 21, ¶ 13.1
[16] *Id.* ¶ 12.1.
[17] Dkt. No. 1.
[18] Dkt. No. 27; *see also* Minute Entry dated January 15, 2019 (the Court orally granted Plaintiff leave to amend its complaint).
[19] *Id.* at p. 5, ¶ 16.

Defendant seeking damages and attorneys' fees.[20] Defendant appeared through counsel and filed an answer,[21] but Defendant's counsel was subsequently granted leave to withdraw due to Defendant's failure to pay for legal services.[22] As of this date, Defendant has not obtained substitute counsel for this action.

On September 17, 2019, Plaintiff filed a proposed pretrial order after it was unable to contact Defendant for the purposes of conferring and filing a joint pretrial order.[23] In light of Plaintiff's multiple efforts to confer with Defendant, Defendant's unrepresented status, the representation in the joint discovery/case management plan that no jury demand had been made,[24] and Plaintiff's representation that the case would take three to five hours to try, the Court ordered a bench trial.[25] The Court provided Defendant the opportunity to object prior to September 27, 2019.[26] Defendant did not object.

As the Court outlined above, Plaintiff appeared at the October 9, 2019 bench trial and provided evidence to the Court in support of its breach of contract claim against Defendant.[27] The Court now considers the evidence and Plaintiff's claims.[28]

## II. LEGAL STANDARD

The elements of a breach of contract claim in Texas include: "(1) the existence of a valid contract; (2) performance by plaintiff; (3) breach of the contract by the defendant; and (4)

---

[20] *Id.* at pp. 6–7.
[21] Dkt. No. 7.
[22] Dkt. No. 29.
[23] Dkt. No. 34.
[24] Dkt. No. 9 p. 5, ¶ 17. The Court does note that prior to submitting the joint discovery/case management plan, Defendant made a jury demand in its original answer. Dkt. No. 7 p. 4, ¶ 21.
[25] Dkt. No. 35.
[26] *Id.*
[27] Minute Entry dated October 9, 2019.
[28] Dkt. No. 37.

damages sustained by plaintiff as a result of the breach."[29] Plaintiff bears the burden of demonstrating it suffered a loss resulting from the breach.[30]

### III. LEGAL ANALYSIS

In support of its breach of contract claim, Plaintiff submits three exhibits: (1) Declaration of Nick Jones, Plaintiff's corporate representative;[31] (2) an additional Teletrac Subscriber Agreement extending the parties previous agreements for 36 months, dated February 4, 2015 (hereafter "upgrade agreement");[32] and (3) a spreadsheet detailing the order numbers and corresponding invoice amounts that remain unpaid by Defendant.[33] Based upon the evidence submitted, Plaintiff has proven the existence of a valid contract.[34] The Court now considers the remaining elements.

The evidence submitted at the October 9, 2019 bench trial is sufficient to prove performance by Plaintiff. The Teletrac Subscriber Agreements provide, in relevant part that Plaintiff was required to ship and install mobile communications devices for Defendant's fleet.[35] In his declaration, Mr. Jones swears under penalty of perjury that Plaintiff "provided [Defendant] with mobile tracking and communications devices, known as Telematics Devices ('TDs') for [Defendant's] fleet."[36] Mr. Jones further indicates that, "the TDs were installed into the tractors by [Defendant] themselves, following a training from [Plaintiff] regarding the installation and

---

[29] *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).
[30] *Taub v. Hous. Pipeline Co.*, 75 S.W.3d 606, 616 (Tex. App. 2002).
[31] Exhibit 1 (Declaration of Nick Jones, provided to the Court by Plaintiff at the parties' October 9, 2019 bench trial).
[32] Exhibit C (provided to the Court by Plaintiff at the parties' October 9, 2019 bench trial). Plaintiff previously provided only three Teletrac Subscriber Agreements. *See* Dkt. No. 31-1 p. 2 (initial Teletrac Subscriber Agreement dated July 2013), p. 8 (Teletrac Subscriber Agreement dated January 27, 2014), p. 11 (Teletrac Subscriber Agreement dated February 28, 2014).
[33] Exhibit D (provided to the Court by Plaintiff at the parties' October 9, 2019 bench trial).
[34] Dkt. No. 33 p. 6.
[35] Dkt. No. 31-1 pp. 14–16.
[36] Exhibit 1 p. 2, ¶ 5; Minute Entry dated October 9, 2019.

maintenance of that equipment."[37] In support of Mr. Jones' statements, Plaintiff also attaches previously provided emails that appear to approve shipments of TDs to Defendant.[38] Based on this evidence, the Court finds that Plaintiff shipped and facilitated the installation of the TDs as required by the parties' contract. Thus, Plaintiff satisfies the performance element of its breach of contract claim.

Plaintiff also provides sufficient evidence to prove that Defendant breached the parties' contract and Plaintiff sustained damages as a result of the breach. Under the terms of the parties' contract, Defendant was required to pay the amount on the Teletrac Subscriber Agreements as well as an ongoing monthly subscription fee.[39] In support of its argument that Defendant breached the contract, Plaintiff provides the upgrade agreement extending the parties' previous agreements for thirty-six months, dated February 4, 2015,[40] and a spreadsheet detailing the order numbers and corresponding invoice amounts that remain unpaid by Defendant.[41] In his declaration, Mr. Jones states that the upgrade agreement "extended the initial contract for an additional [thirty-six] months, through 2018."[42] The spreadsheet includes a list of Defendant's unpaid invoices and corresponding orders. Each entry includes a contract start date of "November 1, 2013" and a contract end date of "October 31, 2018."[43] The spreadsheet provides a total amount owed of $234,690.86.[44] Referring to the spreadsheet, Mr. Jones states that, "[Defendant] has not paid the aggregate price and fees for the units and related services

---

[37] Exhibit 1 p. 2, ¶ 5.
[38] Exhibit A (Teletrac Subscriber Agreements and Corresponding Emails, provided to the Court by Plaintiff at the parties' October 9, 2019 bench trial).
[39] Dkt. No. 31-1 p. 24, ¶ 18.
[40] Exhibit C. The upgrade agreement itself does not indicate that the parties' contract was extended for 36 months. However, Mr. Jones' sworn declaration indicates that the upgrade agreement extended the parties contract for 36 months, and Plaintiff's pleadings suggest that each Teletrac Subscriber Agreement was for 36 months.
[41] Exhibit D.
[42] Exhibit 1 pp. 2–3, ¶ 7.
[43] Exhibit D.
[44] *Id.*

remaining through the end of the contract term. The total owed by [Defendant] to [Plaintiff] under the terms of the contract are $234,690.86."[45] Based on this evidence, the Court finds Plaintiff has proven Defendant's breach by nonpayment and Plaintiff's sustainment of damages. Thus, Plaintiff has fulfilled all elements of its breach of contract claim against Defendant.

### IV. HOLDING

The Court finds Plaintiff is entitled to recovery under its breach of contract claim against Defendant. Accordingly, Plaintiff is hereby **AWARDED** the amount of $234,690.86, plus post-judgment interest at a rate of **1.60%** from the date of this Order.[46] The Court instructs Plaintiff to file evidence of its requested attorneys' fees pursuant to Federal Rule of Civil Procedure 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 23rd day of October, 2019.

_____
Micaela Alvarez
United States District Judge

---

[45] Exhibit 1 p. 3, ¶ 11.
[46] *See* 28 U.S.C. § 1961(a) (2000) (Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."); http://www.txs.uscourts.gov/page/post-judgment-interest-rates (last visited 10/23/19).